IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD GIBBS, JR., : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | C.A. No. 11-819-LPS |
| : | |
| PERRY PHELPS, Warden, and : | |
| ATTORNEY GENERAL OF THE : | |
| STATE OF DELAWARE, : | |
| : | |
| Respondents. : | |

## MEMORANDUM ORDER

At Wilmington this 13th day of August, 2012:

### I. BACKGROUND

Presently pending before the Court is Petitioner Edward Gibbs, Jr.'s Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Application"), in which Gibbs asserts that the Delaware Superior Court judge presiding over his state criminal proceeding erred in sentencing him as an habitual offender for his 2003 conviction for escape after conviction. (D.I. 1) Gibbs also filed a Motion to Vacate Judgment and Sentence asserting the same claim. (D.I. 4) Gibbs has already requested, and has been denied, habeas relief with respect to the same 2003 conviction and sentence on one prior occasion. Specifically, the Honorable Joseph J. Farnan, Jr. dismissed his first application after determining that three claims raised therein lacked merit, and one claim failed to assert a proper basis for federal habeas relief. *See Gibbs v. Phelps*, 2008 WL 2019363 (D. Del. May 9, 2008).

### II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or

successive habeas application "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in a prior habeas application. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

### III. DISCUSSION

Gibbs has requested, and has been denied, federal habeas relief with respect to his 2003 conviction and sentence on one prior occasion, which constitutes an adjudication on the merits. Because Gibbs could have asserted the instant arguments in his first application, the Court concludes that the instant Application constitutes a second or successive habeas application within the meaning of 28 U.S.C. § 2244.

Gibbs does not allege, and there is no reason to conclude, that the Third Circuit Court of Appeals authorized the filing of the pending Application. Accordingly, the Court will dismiss the Application for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

The Court will also decline to issue a certificate of appealability because Gibbs has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

## IV. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that:

1. Petitioner Edward Gibbs, Jr.'s Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 and his duplicative Motion To Vacate Judgment And Sentence are **DISMISSED** as second or successive. (D.I. 1; D.I. 4)

2. The Court declines to issue a certificate of appealability.

3. Pursuant to Rule 4, 28 U.S.C. foll. § 2254, the Clerk shall forthwith serve a copy of the Application, Motion, and this Memorandum Order upon: (1) the above-named warden of the facility in which Gibbs is housed; and (2) the Attorney General for the State of Delaware. The Clerk shall also send a copy of this Memorandum Order to Gibbs at his address on record.

4. The Clerk is directed to close the case.

_____
UNITED STATES DISTRICT JUDGE